ALLISON K. HUME, Plaintiff, v. EDWARD C. RANDALL AND Another, Defendants.

*Marketable title — a reservation by a grantor of the control and profits of lands — life estates therein with a power to devise — it does not create a fee.*

Allison K. Hume, having agreed to sell certain lands to Edward C. Randall and another, tendered a deed of the premises, to which it appeared that Hume's grantors, Sarah A. Cornell and Laura S. Beal, derived title under a deed from William S. Van Duzee and wife, which provided that Hume's grantors should have an equal interest in the property, and should control it during their natural lives after the death of William S. Van Duzee; that if one died the other should have control, after the death of Van Duzee, during her life; that neither should convey without the written consent of Van Duzee, and that they might jointly, or the survivor might devise it; that Van Duzee should control it and the profits during his life, but that the profits should go for the benefit of his grantees, to be equally divided between them, and that after the decease of one the survivor should take all the profits.

At the time of the tender Van Duzee and his wife were dead and both his grantees were living.

*Held,* that the title was not merchantable.

That Sarah A. Cornell and Laura S. Beal took only a life interest with power to dispose of the property by will.

That they had no present right to the profits, except through a species of trust created by Van Duzee himself.

That they could not, therefore, dispose of the entire fee, and, in fact, were expressly forbidden to do so.

That the power given them to devise the real estate at the end of the life estate did not create a fee in the life tenant.

SUBMISSION of a controversy between Allison K. Hume, as plaintiff, and Edward C. Randall and Huntington R. Kenyon, as defendants, upon an agreed statement of facts under section 1279 of the Code of Civil Procedure.

*Frank F. Williams*, for the plaintiff.

*Jesse H. Behrends*, for the defendants.

MACOMBER, J. :

The parties to this submission entered into a land contract on the 13th day of February, 1892, by which the plaintiff agreed to sell and the defendants to buy the lands described in the submission, under the terms of payment not necessary to be set forth in detail. By this agreement the plaintiff contracted to give by warranty deed a good and sufficient title to the lands so sold. At the time named in the contract for the fulfillment of the agreement both parties were ready, the one tendering a warranty deed and the other performance on his part; but the latter objected to the title offered by the plaintiff and refused to receive the same upon the ground that it was not a good merchantable title to the land.

The special objection raised to the plaintiff's title was, that it was not good for the reason that he obtained it by virtue of a deed which, though containing a covenant of warranty duly executed by one Sarah A. Cornell and one Laura S. Beal, his grantors, and properly acknowledged by them, was imperfect, because it was derived by them from one William S. Van Duzee and Oral H. Van Duzee his wife, by deed recorded February 2, 1883, and that the last-named persons did not have an absolute title to nor power to convey the lands in fee simple. The deed from Van Duzee and wife to Sarah A. Cornell and Laura S. Beal (the latter the grantors of the plaintiff), purported to convey the lands in question in the usual form, so far as the granting clause is concerned, but had in the body of the

deed the following : "It is hereby intended and understood that the parties of the second part (Sarah A. Cornell and Laura S. Beal) shall both have an equal and undivided interest in the property conveyed above, and said parties shall control and direct said property during their natural life after the decease of William S. Van Duzee, one of the parties of the first part. If one of the parties of the second part should be taken away by death, the other party shall have the control during her natural life after the time mentioned above, but neither party or both shall have the right to convey away this property by deed or other forms during their lives without the written consent of William S. Van Duzee, one of the parties of the first part, but it may be arranged to be disposed of by will by one of the second party who shall survive the other, or by a mutual will as the parties may agree, which will shall take effect after the death of both parties of the second part mentioned above. Said Van Duzee shall have the full control of said property and its products during his natural life, but the products, interest and issues of said property shall go for the benefit of the parties of the second part. It being understood that said products, interest and issues shall be equally divided between the parties of the second part, but after the decease of one of the second party the survivor shall have the said rents, products and issues at her use and control. And it is further stipulated that if either of the parties marry mentioned above, then the other party shall have full control and possess the entire premises herein deeded."

William S. Van Duzee and Oral H. Van Duzee are both dead. Sarah A. Cornell and Laura S. Beal are both still living ; this latter fact does not appear in the printed submission, but it was so stipulated by counsel at the time of the argument.

We are of the opinion that under the foregoing provision or condition in the deed the grantees, Sarah A. Cornell and Laura S. Beal, did not take an absolute fee of the premises, but only a life interest therein, with a power to them to dispose of such title by will, either by the survivor of them or jointly. If this be so, it follows, as a matter of course, that their title is not a merchantable one, and that the defendants are not, upon that ground alone, bound to fulfill their part of the agreement. The true construction of this deed, it seems to us, is that the grantor should, during his lifetime, manage

the land and receive the rents and profits thereof, not to his own use, but for the use of the grantees. There did not exist in the grantees a right to the profits and income of the real estate, except in this way, which was in some sort a trust created by the grantor himself. The case does not come under section 85, article 3, title 2, chapter 1, part 2 of the Revised Statutes, whereby any power of disposition shall be deemed absolute, by means of which the grantee is enabled, during his lifetime, to dispose of the entire fee for his own use and benefit. The grantees did not possess this right or power. Indeed, they were, in terms, expressly forbidden so to dispose of it. As was said by the court in *Cutting* v. *Cutting* (86 N. Y., 522): "The revisers say that in reason and sense there is no distinction between the absolute power of disposition and the absolute ownership (5 Edm. Stat. at Large), and that it is an affront to common sense to say that a man has no property in that which he may sell when he chooses, and dispose of the proceeds at his pleasure."

The terms of the statute in defining an absolute fee do not include a power to appoint by will. It is manifest that a power to devise real estate at the end of the life estate does not bring with it a fee in the life tenant which may be disposed of by deed; such a title alone grows out of a right or power by which the grantee is enabled, in his lifetime, to dispose of the entire fee for his own benefit. By the terms of the deed in this case, this was affirmatively prohibited. (See, also, *Crooke* v. *County of Kings*, 97 N. Y., 421; *Genet* v. *Hunt*, 113 id., 158.)

We are of the opinion, therefore, that the deed of William S. Van Duzee and wife to Sarah A. Cornell and Laura S. Beal did not vest in the grantees the absolute fee of the premises described after the death of Van Duzee and wife, and that consequently the warranty deed of said Cornell and Beal to the said Allison K. Hume, the plaintiff, did not convey to him an absolute fee of the premises.

It follows, therefore, that the defendants are not obliged to complete their purchase of the premises, or accept the deed tendered.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment ordered for the defendants on the submission.